# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARVIN BELSER, SR.,

    Plaintiff,                         Case No. 2:20-cv-11734

v.                                       HON. PAUL D. BORMAN

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendant.
_____/

**OPINION AND ORDER: (1) DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE (ECF NO. 5), (2) DENYING PLAINTIFF'S MOTION FOR COURT ASSISTANCE (ECF NO. 6) AS MOOT, (3) WITHDRAWING ORDER OF REFERENCE (ECF NO. 7), AND (4) DISMISSING AMENDED COMPLAINT (ECF NO. 2) WITHOUT PREJUDICE**

Plaintiff Marvin Belser, Sr., a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 2) and an application to proceed without prepaying fees or costs (ECF No. 5). He has also filed a Motion for Court Assistance in Internal Redress. (ECF No. 6.) In his amended complaint, Belser alleges the MDOC has failed to accommodate his disabilities as well as several other constitutional injuries. (ECF No. 2.) Because Belser does not meet the imminent danger exception to the "three strikes" provision of the Prison Litigation

Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), his application to proceed *in forma pauperis* will be denied and the amended complaint dismissed.

## DISCUSSION

Under 28 U.S.C. § 1915(g), a federal district court may dismiss an incarcerated plaintiff's civil case if on three or more previous occasions the plaintiff's cases were dismissed for being frivolous or malicious or failing to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). A federal district court may raise the three-strikes provision of the PLRA *sua sponte*. *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich.1997). A prisoner who has plausibly alleged that he or she is in imminent danger of serious physical injury is entitled to an exception to section 1915(g)'s automatic dismissal. *Vandiver v. Vasbinder*, 416 F. App'x 560, 561 (6th Cir. 2011).

As of 2018, Belser had "three qualifying 'strikes' under 28 U.S.C. § 1915(g)." *Belser v. Woods*, No. 17-2411, 2018 WL 6167330, at *1 (6th Cir. July 6, 2018), *cert. denied*, 139 S. Ct. 2622 (2019), *reh'g denied*, 140 S. Ct. 20 (2019) (citing *Belser v. Evans*, No. 2:16-cv-13934, 2016 WL 7337260 (E.D. Mich. Dec. 19, 2016) (slip op.); *Belser v. Borgerding*, No. 2:16-cv-13296, 2016 WL 6995739 (E.D. Mich. Nov. 30, 2016) (slip op.); *Belser v. Washington*, No. 1:16-cv-1205,

2

2016 WL 6275343 (W.D. Mich. Oct. 27, 2016) (slip op.); *Belser v. Evans*, No. 2:16-cv-12792, 2016 WL 5791451 (E.D. Mich. Oct. 4, 2016) (slip op.))

Consequently, Belser is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within that statutory exception to the three-strikes rule, a prisoner must allege he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver*, 416 F. App'x at 562. The threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). The plaintiff must allege sufficient facts to permit a court to draw the "'reasonable inference that [he] was under an existing danger at the time he filed his complaint.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). The plaintiff is entitled to have his pleadings liberally construed, *Vandiver*, 416 F. App'x at 562 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), but must also comply with "the ordinary principles of notice pleading." *Vandiver*, 727 F.3d at 585 (quoting *Vandiver*, 416 F. App'x at 562).

In the present case, Belser's allegations do not meet "imminent danger" standards requirements. Belser's pleadings are difficult to follow, but he appears to allege he is being denied access to the courts and the prison grievance system, that

3

he is the victim of racial discrimination, that he has experienced property loss, and that he has experienced interference with his disability accommodations. (ECF Nos. 2, 6.)

Belser is entitled to liberal construction of his pleadings. However, none of his allegations permit the Court to make "reasonable inferences" that he is in "real and proximate" danger of serious injury. Most of his allegations bear no relation to a physical threat or injury. (See ECF Nos. 2, 6.) Of the two that do, Belser has not alleged sufficient facts to permit the Court to find that he risks serious injury or that the danger is "real and proximate."

First, he alleges a nurse instructed care assistants not to help him if he falls. (Mot., ECF No. 6, PageID.42.) In the absence of other information, Belser's allegations about serious physical injury are entirely speculative. *See Swenson v. Pramstaller*, 169 F. App'x 449, 450-51 (6th Cir. 2006). In the other allegation, Belser asserts that medication and incontinence supplies were taken during a shakedown of his cell. (Mot. at PageID.36.) However, he does not suggest that they continue to be withheld from him, placing him at serious risk of interference with medical treatment. Past dangers or threats do not meet the three-strikes exception. *Vandiver*, 727 F.3d at 585 (citing *Rittner*, 290 F. App'x at 797-98). Belser is not in imminent danger for the purposes of 28 U.S.C. § 1915(g).

## CONCLUSION AND ORDER

For the reasons stated above, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee (ECF No. 4) and **DISMISSES** the amended complaint pursuant to 28 U.S.C. § 1915(g). (ECF No. 2.) This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

The Court **DENIES as MOOT** Plaintiff's motion for Court assistance (ECF No. 6) and **WITHDRAWS** the Order of Reference (ECF No. 7).

**IT IS SO ORDERED.**

Dated: August 25, 2020                           s/Paul D. Borman
                                                 _____
                                                 Paul D. Borman
                                                 United States District Judge