# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARVIN BELSER, SR.,

    Plaintiff,                                      Case No. 2:20-cv-11734

v.                                                HON. PAUL D. BORMAN

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDERS ACTION (ECF NO. 10)

Plaintiff Marvin Belser, Sr., a prisoner in the custody of the Michigan Department of Corrections, brought a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging racial discrimination, denial of access to the courts and the prison grievance system, property theft, and interference with his disability accommodations. The Court denied Plaintiff's application for *in forma pauperis* status and dismissed his complaint without prejudice, ECF No. 8, because Plaintiff is a "three-striker" who failed to demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Now before the Court are Plaintiff's "Motion for Orders Action," ECF No. 10, and a recent letter, ECF No. 11, which the Court will construe as a motion for reconsideration and supplemental pleading. In the pleadings, Plaintiff both repeats

his previous claims and describes more recent actions by individual corrections officials. All allegations are of the same sort: interference with his legal mail, food, property, and his ability to file grievances; and the failure to replace his wheelchair and television. None of the allegations in Plaintiff's recent pleadings supply a non-speculative basis on which to base a finding of imminent danger. *See Swenson v. Pramstaller*, 169 F. App'x 449, 450-51 (6th Cir. 2006).

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> Generally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Nothing in Plaintiff's two pleadings presents a "palpable defect" by which the Court has been misled, or which would result in an outcome other than the dismissal of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).

Accordingly, Plaintiff's "Motion for Orders Action," ECF No. 10, is **DENIED**.

**SO ORDERED.**

Dated: April 16, 2021

s/Paul D. Borman  
Paul D. Borman  
United States District Judge
